## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BRICKLAYERS & TROWEL TRADES** | ) |
| **INTERNATIONAL PENSION FUND, by and through** | ) |
| **its Board of Trustees as administered by the Central** | ) |
| **Collection Unit of the International Union of** | ) |
| **Bricklayers and Allied Craftworkers** | ) |
| **620 F Street, N.W.** | ) |
| **Washington, D.C. 20004,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **MATT BAKER MASONRY LLC** | ) |
| **2928 County Line Road** | ) |
| **Beavercreek, Ohio 45430** | ) |
| | ) |
| **Defendant.** | ) |

### COMPLAINT

### (TO COLLECT CONTRIBUTIONS AND OTHER AMOUNTS DUE TO EMPLOYEE BENEFIT FUND AND FOR OTHER EQUITABLE RELIEF)

Plaintiff, pursuant to Federal Rule of Civil Procedure 8(a), hereby alleges the following:

### PARTIES

1.    Plaintiff, Bricklayers & Trowel Trades International Pension Fund ("International Pension Fund") is an employee pension benefit plan as that term is defined in Section 3(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(1).  The International Pension Fund is a multiemployer plan as that term is defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37).  The International Pension Fund was established and is maintained in accordance with its Restated Agreement and Declaration of Trust.  The International Pension Fund is administered at 620 F Street, N.W.,

in Washington D.C. The members of the Board of Trustees of the International Pension Fund are fiduciaries as provided in the International Pension Fund's Restated Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21). The Trustees bring this action for the benefit of the beneficiaries of the International Pension Fund. The International Pension Fund is authorized to file suit on behalf of the International Masonry Institute ("IMI" and, together with International Pension Fund the "Funds"), and the International Union of Bricklayers and Allied Craftworkers ("BAC").

2.      Defendant Matt Baker Masonry LLC is an Ohio limited liability company with an address of 2928 County Line Road, in Beavercreek, Ohio 45430, and at all times relevant to this action has been an "employer in an industry affecting commerce" as defined in Sections 3(5), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (11) and (12).

## JURISDICTION AND VENUE

3.      This is an action to collect contributions and other amounts due to an employee pension benefit plan under the terms of a collective bargaining agreement and trust agreement and for appropriate equitable relief. This Court has subject matter jurisdiction under §§ 502(a)(3), (g) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), (g) and 1145, under Sections 301(a) and (c) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a) and (c), and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4.      This Court has personal jurisdiction over the Defendant pursuant to Section 502 of ERISA, 29 U.S.C. § 1132(e)(2) and Sections 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a) and (c).

5.      Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2) and Sections 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a) and (c).

## FACTS

6.      Defendant Matt Baker Masonry LLC has been bound and signatory at all relevant times to collective bargaining agreements referred to as "Bricklayers' Agreement with Mason Contractors Association of Dayton, Inc." ("Collective Bargaining Agreements"), that govern the wages, benefits and terms and conditions of employment of certain employees performing work for the Defendant.

7.      Pursuant to the Collective Bargaining Agreements the Defendant agreed to pay certain sums of money to the Funds and BAC for certain hours worked by employees of the Defendant performing work covered by the Collective Bargaining Agreements.

8.      During the period January 2021 through the present, the Defendant has performed work covered by the Collective Bargaining Agreements.

9.      During various months within the period January 2021 through December 2021, the Defendant failed to report and pay certain contributions to the Plaintiff as required by the Collective Bargaining Agreements and the Plaintiff's Restated Agreement and Declaration of Trust.

10.      During the period May 2022 through March 2023, the Defendant has reported, but failed to pay, contributions to the Plaintiff as required by the Collective Bargaining Agreements and the Plaintiff's Restated Agreement and Declaration of Trust.

11.       During the period April 2023 through the present, the Defendant has failed to report and pay all amounts owing to the Plaintiff as required by the Collective Bargaining Agreements and the Plaintiff's Restated Agreement and Declaration of Trust.

12.      Pursuant to the Funds' Restated Agreement and Declaration of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of

3

Bricklayers and Allied Craftworkers, and Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B), an employer who fails to pay required contributions on time is liable for interest at the rate of 15% per annum from the due date of each monthly payment.

13.    Pursuant to the Funds' Restated Agreement and Declaration of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C),  an employer who fails to pay required contributions on time also is liable for an amount equal to the greater of an additional calculation of interest on the unpaid contributions at the rate of 15% per annum from the due date, or liquidated damages in the amount of 20% of the total contributions owed.

14.    Pursuant to the Funds' Restated Agreement and Declaration of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D), an employer who fails to pay required contributions is liable for all attorneys' fees, audit fees and costs for collection.

## COUNT I

### (UNPAID CONTRIBUTIONS AND OTHER AMOUNTS OWED TO EMPLOYEE BENEFIT FUNDS PURSUANT TO PAYROLL AUDIT)

15.    The Plaintiff hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 14 as if fully set forth in this Count I.

16.    In or around November 2022, Blue & Co., LLC completed an audit of the records supplied by the Defendant for the period January 1, 2021 through December 31, 2021, for work performed by the Defendant's employees under the Collective Bargaining Agreements.

17.    The results of the audit revealed that during the period January 1, 2021 through December 31, 2021, the Defendant failed to pay all contributions owing to the Funds and BAC under the Collective Bargaining Agreements in the total amount of $693.03.

18.    The Plaintiff first became aware of this delinquency as a result of the audit findings.

19.    The Defendant has failed to pay the amount of contributions owing to the Plaintiff as revealed by the audit.

20.    By virtue of the failure to pay all amounts as contractually required, the Defendant is in contravention of the Collective Bargaining Agreements and the obligations under the Funds' respective Agreements and Declarations of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and Section 515 of ERISA.

## COUNT II

### (REPORTED AND UNPAID CONTRIBUTIONS AND OTHER AMOUNTS OWED FOR THE PERIOD MAY 2022 – MARCH 2023)

21.    The Plaintiff hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 20 as if fully set forth in this Count II.

22.    During the period May 2022 through March 2023, the Defendant reported, but failed to pay, contributions owing to the Funds and BAC for work performed under the Collective Bargaining Agreements within the jurisdiction of Local 22 Ohio, cover group 1, in the amount of $2,296.27. In addition, the Defendant has failed to pay interest owed on this amount at the rate of 15% per annum from the date due the monthly payment, and in addition it has failed to pay an amount equal to the greater of an additional calculation of interest on

the unpaid contributions at the rate of 15% per annum from the date due of each monthly payment, or liquidated damages calculated at the rate of 20% of the total contributions owed.

23.     By virtue of the failure to pay all amounts as contractually required, the Defendant is in contravention of the Collective Bargaining Agreements and the obligations under the Plaintiff's Restated Agreement and Declaration of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and Section 515 of ERISA.

24.     The Plaintiff is entitled to judgment against the Defendant for all contributions owed, plus interest owed on unpaid contributions at the rate of 15% per annum from the date due of each monthly payment, plus an amount equal to the greater of an additional calculation of interest on the unpaid contributions at the rate of 15% per annum from the date due of each monthly payment, or liquidated damages in the amount of 20% of the total contributions owed, plus attorneys' fees and costs.

## COUNT III

### (UNREPORTED AND UNPAID CONTRIBUTIONS AND OTHER AMOUNTS OWED FOR THE PERIOD APRIL 2023 - PRESENT)

25.     The Plaintiff hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 24 as if fully set forth in this Count III.

26.     Because the Defendant has failed to comply with its contractual duty to submit reports and contributions, the Plaintiff cannot determine the exact amount of contributions due to the Funds and BAC by the Defendant for covered work performed in the jurisdiction of Local 22 Ohio, cover group 1 during the period April 2023 through the present.

27.     The Plaintiff is entitled to judgment against the Defendant in the form of an order requiring the Defendant to submit all outstanding remittance reports for covered work performed in the jurisdiction of Local 22 Ohio, cover group 1 the period April 2023 through the date of judgment, for all contributions owed, plus interest owed on unpaid contributions at the rate of 15%, plus an amount equal to the greater of an additional calculation of interest on the unpaid contributions at the rate of 15% per annum, or liquidated damages in the amount of 20% of the total contributions owed, plus attorneys' fees and costs.

28.     The Plaintiff will also seek a judgment in this action against the Defendant for all contributions, interest, liquidated damages, and attorneys' fees and costs which are reported due pursuant to remittance reports, are estimated to be due, or are otherwise determined as being due, subsequent to the filing of this action, during the pendency of this action, and up to the date of judgment.

**WHEREFORE,** the Plaintiff prays judgment on Counts I, II and III as follows:

A.     For unpaid contributions in the amount of $693.03 due and owing to the Funds and BAC for work performed during the period January 1, 2021 through December 31, 2021, as determined pursuant to the audit, plus interest from the due date of each unpaid monthly contribution payment through the date of judgment, plus an amount equal to the greater of an additional calculation of interest on each unpaid monthly contribution payment from the due date of each monthly payment through the date of judgment, or liquidated damages in the amount of 20% of the total unpaid contributions owed, as provided for in the Funds' respective Agreements and Declarations of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and pursuant to 29 U.S.C. § 1132(g)(2).

B.      For unpaid contributions due and owing to the Plaintiff for work performed in the jurisdiction of Local 22 Ohio, cover group 1, during the period May 2022 through March 2023, in the amount of $2,296.27, plus interest from the due date of each unpaid monthly contribution payment through the date of judgment, plus an amount equal to the greater of an additional calculation of interest on each unpaid monthly contribution payment from the due date of each monthly payment through the date of judgment, or liquidated damages in the amount of 20% of the total unpaid contributions owed, as provided for in the Plaintiff's Restated Agreements and Declarations of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and pursuant to 29 U.S.C. § 1132(g)(2).

C.      For a Court Order requiring the Defendant to submit all outstanding remittance reports and contributions for work performed in the jurisdiction of Local 22 Ohio, cover group 1 during the period April 2023 through the date of judgment.

D.      For audit fees, costs and reasonable attorneys' fees for collection as required by the Collective Bargaining Agreements, the Plaintiff's Restated Agreements and Declarations of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and 29 U.S.C. § 1132(g)(2), up to the date of judgment.

E.      For such contributions, interest, liquidated damages, and reasonable attorneys' fees and costs that may accrue and/or are estimated to be due, or are otherwise determined as being due, subsequent to the filing of this action, during the pendency of this action, and up to the date of judgment.

F.      Such further relief as the Court deems appropriate.

Respectfully submitted,

Dated: <u>August 10, 2023</u>

**O'DONOGHUE & O'DONOGHUE LLP**
5301 Wisconsin Avenue, N.W., Suite 800
Washington, D.C. 20015
Telephone: (202) 362-0041
Facsimile: (202) 237-1200
cgilligan@odonoghuelaw.com

By:    /s/ Charles W. Gilligan
Charles W. Gilligan (Bar No. 394710)
*Attorney for the Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused a true and correct copy of the foregoing Complaint to be served by certified mail in accordance with the requirements of Section 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h) this 10th day of August 2023, on the following:

> The Office of Division Counsel
> Associate Chief Counsel (TE/GE) CC:TEGE
> Room 4300
> 1111 Constitution Avenue
> Washington, DC  20224
>
> Secretary of Labor
> 200 Constitution Ave., N.W.
> Washington, DC  20210
>
> Attention:  Assistant Solicitor for
>         Plan Benefits Security

/s/ Charles W. Gilligan
Charles W. Gilligan
